ELECTRONICALLY FILED
1/18/2017 12:01 PM
26-CV-2017-900006.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

## IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL FENNEWALD and LOIS FENNEWALD, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES GUMMERSON and BYBEE TRANSPORT, INC. and Fictitious Defendants A through D, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally who owned, controlled or operated the motor vehicle that caused the collision with Plaintiff; or who otherwise caused damages to Plaintiff by the breach of a duty owed to Plaintiff. Defendants A through D are defendants whose true identities are not known to the Plaintiff at this time, but who will be substituted to this Complaint when their identity as proper party defendants has been determined. <br><br> Defendants. | Case No. CV-2017-____ |

## COMPLAINT

COME NOW THE PLAINTIFFS in the above-styled action and files the following Complaint:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The matters in dispute, exclusive of costs, exceed the minimum jurisdictional requirements of this Court.

2. Venue is appropriate in this Court because the tortious conduct occurred in Dale County, Alabama.

3. Plaintiffs Michael Fennewald and Lois Fennewald at all times material to this action are adult residents and citizens of Bay County, Florida.

4. Upon information and belief, Defendant Gummerson at all times material to this action is an adult resident and citizen of Cassia County, Idaho.

5. Upon information and belief, Defendant Bybee Transport, Inc. at all material times to this action is an Oregon corporation with its principal place of business in Oregon.

6. The motor vehicle collision made the basis of the Plaintiff's Complaint occurred on or about November 1, 2015, in Dale County, Alabama.

## COUNT I
## NEGLIGENCE

7. Plaintiff hereby incorporates by reference the foregoing material paragraphs of this Complaint as though fully set forth herein.

8. On or about November 1, 2015, at approximately 3:00 P.M., Plaintiff Michael Fennewald was driving a Harley-Davidson motorcycle on US Highway 231 near the intersection of Laurel Court in Ozark, Dale County, Alabama.

9. On said date and time, Defendant Gummerson was driving a tractor-trailer on U.S. Highway 231 near the intersection of Laurel Court in Ozark, Dale County, Alabama.

10. Defendant Gummerson was parallel to Plaintiff Michael Fennewald on U.S. Highway 231.

11. Defendant Gummerson failed to keep a proper lookout and struck the Harley-Davidson driven by the Plaintiff when Defendant Gummerson improperly changed lanes.

12. The collision caused personal injuries to Plaintiff Michael Fennewald.

13. At said date and time, Defendant Gummerson owed the duty to Plaintiff to operate the tractor-trailer pursuant to the rules of the road, including, but not limited to the duty to keep a proper look out when changing lanes.

14. On said date and time, Defendant Gummerson violated the rules of the road and breached one or more of the duties owed to Plaintiff Michael Fennewald when he negligently hit the Harley-Davidson Plaintiff was driving.

DOCUMENT 4

15. The negligence of Defendant Gummerson proximately caused the Plaintiff Michael Fennewald to be injured and damaged as follows:

(a) Plaintiff suffered injuries to his body.

(b) With substantial certainty, Plaintiff suffered physical pain and will continue to suffer additional pain in the future.

(c) Plaintiff lost wages and incurred medical expenses.

(d) As a consequence of the harms and losses Plaintiff suffered as a direct result of the negligence of the Defendant, Plaintiff lost some aspects of the ability to enjoy his life as compared to before the crash.

(e) Plaintiff's motorcycle was damaged and diminished in value.

WHEREFORE, Plaintiff Michael Fennewald demands judgment for damages against Defendant Gummerson in such amount as determined by the trier of fact, plus the costs of this action.

## COUNT II
## VICARIOUS LIABILITY

16. Plaintiff Michael Fennewald hereby incorporates by reference the foregoing material paragraphs of this Complaint as though fully set forth herein.

17. At the material time and place, Defendant Bybee Transport, Inc. was the employer and master of Defendant Gummerson.

18. At the material time and place, Defendant Bybee Transport, Inc. had the right to control and select Defendant Gummerson.

19. At the material time and place, Defendant Bybee Transport, Inc. placed the tractor-trailer at Defendant Gummerson's disposal to be used by him for work, and said transportation arrangement benefited Defendant Bybee Transport, Inc. and Defendant Gummerson.

20. At the material time and place, Defendant Gummerson was acting within the line and scope of his employment with Defendant Bybee Transport, Inc.

21. The vicarious liability of Defendant Bybee Transport, Inc. proximately caused the Plaintiff Michael Fennewald to be injured and damaged as follows:

(a) Plaintiff suffered injuries to his body.

(b) With substantial certainty, Plaintiff suffered physical pain and will continue to suffer additional pain in the future.

(c) Plaintiff lost wages and incurred medical expenses.

(d) As a consequence of the harms and losses Plaintiff suffered as a direct result of the negligence of the Defendant, Plaintiff Michael Fennewald lost some aspects of the ability to enjoy his life as compared to before the crash.

(e) Plaintiff's motorcycle was damaged and diminished in value.

WHEREFORE, Plaintiff Michael Fennewald demands judgment for damages against Defendant Bybee Transport, Inc. in such amount as determined by the trier of fact, plus the costs of this action.

## COUNT III
## LOSS OF CONSORTIUM

22. Plaintiff hereby incorporate by reference the foregoing material paragraphs of this Complaint as though fully set forth herein.

23. Plaintiff Lois Fennewald is the wife of Plaintiff Michael Fennewald.

24. That as a result of the injuries sustained by Plaintiff Michael Fennewald, as aforesaid, she has sustained the loss of the services and consortium of her husband.

WHEREFORE, Plaintiff Lois Fennewald demands judgment for damages against Defendants Gummerson and Bybee Transport, Inc. in such amount as determined by the trier of fact, plus the costs of this action.

## COUNT IV
## FICTITIOUS DEFENDANTS

25. Fictitious Defendants A, B, C and D are those persons, corporations, and any other legal entity that may have caused, contributed to or combined to have caused injury or damage to the Plaintiff Michael Fennewald on or about November 1, 2015, whose true and correct names are unknown at present but will be added by amendment when ascertained.

26. On the date and time set forth above, said fictitious defendants caused, contributed to or combined together to cause injury to the Plaintiff as set forth above.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants A, B, C and D for damages in such an amount as a jury shall award, plus the costs of this action.

## JURY DEMAND

Plaintiff hereby demands trial by struck jury on all counts so triable.

Dated this 18th day of January, 2017.

/s/ Colin L. McMichen             .
COLIN L. McMICHEN (MCM039)
Attorney for Plaintiff

**MANUEL & THOMPSON, P.A.**
314 Magnolia Ave.
Panama City, FL 32401
850-785-5555